UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRILL J. FUSSELL, et al.,

                Petitioner(s),

    v.

PAMELA BONDI, et al.,

                Respondent(s).

CASE NO. C25-1866-KKE

ORDER GRANTING MOTION TO DISMISS

Petitioners Derrill J. Fussel, Cody R. Hart, Kevin S. Ewing, Larry J. Jensen, and Rylee M. Fleury, proceeding *pro se*, filed a petition for a writ of mandamus seeking to compel the United States Attorney General and another Department of Justice official to investigate and prosecute purported violations of federal law related to elections in Skagit County, Washington. Because Petitioners have no legally cognizable interest in the prosecution of federal law against another, the Court will dismiss their petition for lack of Article III standing.

## I.   BACKGROUND

Petitioners are five voters in Skagit County who claim that their local election processes have been affected by a wide range of various forms of fraud and irregularity. Dkt. No. 1 at 4–10. For instance, Petitioners allege that, after voters elected several Skagit County Superior Court judges in November 2024, the judges' oaths of office were not filed until "months after" they assumed office, purportedly in violation of the Washington constitution. *Id.* at 5. Petitioners also

ORDER GRANTING MOTION TO DISMISS - 1

allege that various officials engaged in "election crimes" in connection with elections in 2020 and 2022, including—to name just a few from the petition—"false representations of public officers"; "false payments from public accounts"; "masquerading as qualified officials"; and "false election certifications[.]"  *Id.* at 6.  The petition also contains references to "duplicated ballots"; "undisclosed early processing" of ballots; "[d]estruction of [r]ecords"; and other alleged malfeasance related to these elections.  *Id.* at 8–10.  Petitioners contend that various officials at the local, state, and perhaps federal level have conspired to cover up these acts, for instance by refusing to investigate the alleged wrongdoing, obstructing efforts to seek "quo warranto removal" of the judges at issue, and "backdat[ing]" the allegedly unconstitutional oaths of office.  *Id.* at 5.

On September 26, 2025, Petitioners filed a petition for a writ of mandamus seeking to compel Attorney General Pamela Bondi and Assistant Attorney General for the Civil Rights Division Harmeet Dhillon to "investigate the documented violations of" several federal statutes, "[p]rosecute or" commit to prosecuting "responsible officials[,]" and "[r]eport compliance to this Court[.]"  *Id.* at 14.  Respondents filed a motion to dismiss the petition for lack of subject matter jurisdiction, arguing, among other things, that Petitioners lack standing to compel the enforcement of federal law.  Dkt. No. 13.  That motion is now fully briefed and ripe for the Court's consideration.[1]  *See* Dkt. Nos. 15, 16.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the claims at issue.  *See* Fed. R. Civ. P. 12(b)(1).  "An attack on

---

[1] Petitioners also filed a notice of related case, identifying *Garrison v. Skagit County*, 26-cv-104-JNW (W.D. Wash.) as potentially related.  Dkt. No. 19.  The Court has reviewed the pleadings in both cases and concludes that the actions are not related under Local Civil Rule 3(g)(4).  Given the different nature of the claims and identities of the defendants in each case, it does not appear "likely that there [would] be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases [were] conducted before different judges."  Local Rules W.D. Wash. LCR 3(g)(4)(B).

ORDER GRANTING MOTION TO DISMISS - 2

subject matter jurisdiction" under Rule 12(b)(1) "may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," but in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Respondents' motion to dismiss presents a facial challenge. Dkt. No. 13 at 2.

### III.   DISCUSSION

Petitioners lack standing under Article III of the United States Constitution to bring this lawsuit. In "every federal case[,]" standing is a "threshold question" that "determin[es] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This "irreducible constitutional minimum" requires the plaintiff to show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing requirements "can neither be waived by the parties nor ignored by the court[.]" *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011). At the pleading stage, a plaintiff "must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 578 U.S. at 338 (quoting *Warth*, 422 U.S. at 518) (alteration in original).

To plead a cognizable injury, a plaintiff must allege a harm that is "particularized," meaning it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992). It is not enough to claim a "generalized interest" held by "all citizens in constitutional governance." *Id.* at 575 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)).

ORDER GRANTING MOTION TO DISMISS - 3

Under these foundational principles and longstanding "American jurisprudence[,]" "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This is, in part, because a generic interest in the proper enforcement of the law is "too generalized and speculative to meet the floor set by Article III." *United States v. Wegeler*, 941 F.3d 665, 674 (3d Cir. 2019) (citation omitted); *see also Lujan*, 504 U.S. at 576 ("Vindicating the *public* interest … is the function of Congress and the Chief Executive." (emphasis in original)). Instead, only the individual "prosecuted []or threatened with prosecution" has "standing to contest the policies of the prosecuting authority[.]" *Linda R.S.*, 410 U.S. at 619.

A straightforward application of *Linda R.S* forecloses Petitioners' claims. Petitioners seek to compel federal law enforcement officials to prosecute purported violations of federal law. Dkt. No. 1 at 14. Petitioners themselves are "neither prosecuted nor threatened with prosecution" and thus have no standing to challenge the Department of Justice's enforcement priorities or alleged prosecutorial inaction. *Linda R.S.*, 410 U.S. at 619. To the extent Petitioners address *Linda R.S.* in their briefs, they attempt to distinguish it by asserting that the various statutes they claim are going unenforced impose a "statutory duty" on Respondents and confer a "legally protected interest" on Petitioners. Dkt. No. 15 at 3–4. But even assuming the statutes Petitioners cite purported to confer on them a right to sue (they do not), a statute could not convert the generic "public interest in proper administration of the laws" into "an individual right" that suffices for Article III standing. *Lujan*, 504 U.S. at 576. Plaintiffs have no legally cognizable interest in the prosecution of another no matter what statute they seek to have enforced.

Ordinarily, a court will not dismiss a *pro se* case without leave to amend the pleading unless "it is absolutely clear that the deficiencies … could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.

ORDER GRANTING MOTION TO DISMISS - 4

1988)).  Here, it is absolutely clear that no amendment could cure the fact that Petitioners lack standing to pursue the relief they seek.  Accordingly, the Court will dismiss this case with prejudice and without leave to amend the petition.

### IV.  CONCLUSION

Respondents' motion to dismiss is GRANTED.  Dkt. No. 13.  This case is DISMISSED with prejudice and without leave to amend.

Dated this 16th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 5