UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRILL J. FUSSELL, et al., | ORDER DENYING MOTION TO RECONSIDER |
| Petitioner(s), | |
| v. | |
| TODD BLANCHE, et al.,[1] | |
| Respondent(s). | |

Petitioners Derrill J. Fussel, Cody R. Hart, Kevin S. Ewing, Larry J. Jensen, and Rylee M. Fleury, proceeding *pro se*, move for reconsideration of the Court's order dismissing their mandamus petition. Their petition sought to compel the United States Attorney General and another Department of Justice official to investigate and prosecute purported violations of federal law related to elections in Skagit County, Washington. The Court granted Respondents' motion to dismiss because Petitioners have no legally cognizable interest in the prosecution of federal law against another. Dkt. No. 20 at 4–5 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §

---

[1] Respondent Todd Blanche is automatically substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d). Accordingly, Petitioners motion for substitution (Dkt. No. 27) is DENIED as moot.

ORDER DENYING MOTION TO RECONSIDER - 1

59.30[4] (3D ED. 2000)).  The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored."  Local Rules W.D. Wash. LCR 7(h)(1).  Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  LCR 7(h)(1)–(2).

Petitioners' reconsideration motion generally (1) seeks to distinguish their case from *Linda R.S.*; (2) points to subsequently filed evidence of "[v]ulnerabilities" in Washington's vote-by-mail system; and (3) identifies another case pending in this District, which Petitioners claim "provides additional evidence of" violations of federal elections law.  Dkt. No. 26 at 5–12.  None of Petitioners' arguments overcome the basic defect in their case—that they lack standing to compel federal law enforcement officers to pursue the prosecution or investigation of another.  *See Linda R.S.*, 410 U.S. at 619.  Nor does any additional "evidence" of impropriety or vulnerability with respect to local elections change their lack of standing.[2]

Accordingly, Petitioner's motion for reconsideration (Dkt. No. 26) is DENIED.

Dated this 8th day of May, 2026.

Kymberly K. Evanson
United States District Judge

---

[2] Petitioners' arguments that the Court violated their due process and First Amendment rights by dismissing their petition is frivolous, as Petitioners have no constitutional right to avoid dismissal of claims as to which they lack Article III standing.

ORDER DENYING MOTION TO RECONSIDER - 2